[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE #101
The plaintiff, Teresa Potter filed a four count complaint on February 6, 1991 against defendants Barbara J. Grady, David K. Morgan and the Town of Thomaston for personal injuries allegedly sustained as a result of an automobile collision which occurred on March 2, 1990. The plaintiff alleges that on March 2, 1990 she was a passenger in a vehicle driven by the defendant Grady when said vehicle collided with a vehicle operated by the defendant Morgan. The first count of the complaint alleges negligence against the defendant Morgan. The second count of the complaint alleges negligence against the defendant Grady. The third count of the complaint alleges negligence against the defendant Morgan CT Page 3194 in his capacity as a volunteer fireman. The fourth count of the complaint alleges a statutory cause of action for indemnification pursuant to Conn. Gen. Stat. 7-308 against the defendant Town of Thomaston.
On February 28, 1991, the defendant Town of Thomaston filed a motion to strike the fourth count of the complaint and a supporting memorandum of law. On March 15, 1991, the plaintiff filed a memorandum of law in opposition to the motion to strike.
The motion to strike challenges the legal sufficiency of the allegations of the complaint. Conn. Practice Bk. 152. In ruling on a motion to strike, the court construes the allegations in a manner most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34,36 (1987).
The defendant Town of Thomaston moves to strike the fourth count of the complaint on the ground that the plaintiff's action is barred by its failure to comply with Conn. Gen. Stat. 7-308. This statute provides in relevant part that:
 ". . . [n]o action for personal injuries or damages to real or personal property shall be maintained against such municipality and fireman unless such action is commenced within one year after the cause of action therefor has arisen nor unless notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk or corresponding officer of such municipality and with the fireman within six months after such cause of action has accrued, . . ." (emphasis added)
"Section 7-308 is an indemnification statute that, generally, requires a municipality to pay on behalf of any `paid or volunteer fireman' all sums that the fireman becomes obligated to pay as damages by reason of liability incurred while performing `fire duties'". Rowe v. Godou,209 Conn. 273, 276 (1988).
The defendant Town of Thomaston argues, in support of the motion to strike, that it did not receive timely notice pursuant to Conn. Gen. Stat.7-308.
The plaintiff, in opposition to the motion to strike argues that notice to the defendant Town of Thomaston was timely because the plaintiffs' cause of action did not accrue until May 15, 1990, when the plaintiff consulted a physician regarding shoulder pain. The plaintiff relies on Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 521 (1989) for the proposition that "a cause of action accrues when a plaintiff suffers actionable harm," and "actionable harm occurs when the plaintiff discovers, through the exercise of reasonable care, that he or she has been injured and that the defendant's conduct caused such injury." CT Page 3195
The plaintiff's complaint alleges that the accident occurred on March 2, 1990, and that notice, pursuant to Conn. Gen. Stat. 7-308, was given to the defendant Town of Thomaston on September 25, 1990.
The plaintiff's cause of action accrued on March 2, 1990, when the automobile collision occurred. Notice to the defendant Town of Thomaston was approximately six and three quarters months after the date of the accident. Accordingly, notice to the defendant Town of Thomaston, pursuant to Conn. Gen. Stat. 7-308, was untimely and therefore the motion to strike is granted.
DRANGINIS, J.